IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE K. ANDREWS,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C 13-03633 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

The parties filed cross-motions for summary judgment on this Social Security appeal. Having considered the parties' papers and the administrative record, the Court hereby DENIES plaintiff's motion for summary judgment, and GRANTS defendant's motion for summary judgment.

**BACKGROUND**

**I.    Procedural History**

On September 21, 2009, plaintiff Stephanie K. Andrews filed an application for disabled adult child disability insurance benefits ("DAC") with the Social Security Administration ("SSA"). Administrative Record ("AR") at 134-35. The SSA initially denied plaintiff's claim on November 10, 2009, and again upon reconsideration on May 6, 2010. AR at 57-61.

1    On June 22, 2010, plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). AR at 11. Plaintiff's request was granted and she appeared and testified before the ALJ on June 28, 2011. *Id.* At the hearing plaintiff was represented by counsel. *Id.* On October 17, 2011 the ALJ issued an unfavorable decision denying plaintiff's request for DAC benefits. AR at 11-14. In his decision, the ALJ found that plaintiff failed to establish entitlement to DAC benefits because she failed to establish a continuous disability before her twenty-second birthday and up through the date of her DAC application, as required by 42 U.S.C. section 402(d)(1)(B) and section 216(I) of the Social Security Act (20 C.F.R. § 404.320(a)). AR at 11-14.

On December 15, 2011, plaintiff filed a request with the SSA Appeals Council for review of the ALJ's decision. AR at 267–68. On June 8, 2013, the Appeals Council denied plaintiff's request for review, and the ALJ's decision became the SSA's final decision. AR at 1-6.

Plaintiff filed this action requesting judicial review of the SSA's decision on June 6, 2013. *See* Compl., Docket No. 1. Plaintiff moved for summary judgment on December 4, 2013. *See* Docket No. 7. Defendant filed its cross-motion for summary judgment on February 3, 2014. *See* Docket No. 10.

## II.     Plaintiff's Personal, Educational, Vocational, and Medical History

Plaintiff was born on November 7, 1968. AR at 385. Plaintiff began suffering from epileptic seizures at two-years old. AR at 321. Plaintiff's medical records indicate that she had grand mal seizures on numerous occasions prior to 1997. *Id.* Despite her seizures, plaintiff was able to graduate from high school in 1985 and by 1988 she was in her second year of community college where she studied computer science. AR at 47, 321-22. Plaintiff eventually obtained a bachelor's degree from Cal-State Hayward. AR at 47.

In October of 1997, at age twenty-eight, plaintiff underwent brain surgery, which resulted in her being seizure free for approximately four years (1997-2001). AR at 12, 380. From approximately 2000 to 2001 plaintiff worked at a crafts store as a cashier and crafts teacher. AR at 43-45, 51-52, 152, 197. However, in 2001 plaintiff began having "complex partial seizures" which caused her to stop working for a period of time. AR at 44, 379. Notes from plaintiff's doctor, dated May 16, 2009 and June 21, 2010, indicate that plaintiff's grand mal seizures did not return after her 1997 brain surgery.

AR at 379-80.  Plaintiff appears to have worked sporadically and infrequently from 2007 to 2011.  AR at 259.

### III.     ALJ's Findings

The ALJ found that the plaintiff was not entitled to DAC benefits because she failed to meet her burden to show that she was continuously disabled prior to her twenty-second birthday through the date of her DAC application.  AR at 11-14.  The ALJ made the following findings:

> 1. The claimant has failed to establish entitlement to childhood disability benefits or a period of disability prior to 1997, because she failed to timely file her application prior to 1997 or within one year of significant improvement in 1997.
>
> 2. The evidence fails to establish that any putative period of disability likely would have remained continuous beyond 1997.
>
> 3. Because the claimant did not establish entitlement to childhood disability benefits prior to a lengthy period of improvement, she cannot now establish a later period of reentitlement after her seizures returned.
>
> 4. The record fails to establish that the claimant had a medically determinable learning disorder or cognitive disorder at any time relevant to this decision.

AR at 13-14.

We now review the ALJ's decision for errors of law and adherence to the substantial evidence standard.

## LEGAL STANDARD

### I.     Standard Of Review

A district court's review of a disability determination is limited, and a final administrative decision may be altered "only if it is based on legal error or if the fact findings are not supported by substantial evidence." *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir. 1987).  Substantial evidence is that relevant evidence in the entire record "which a reasonable person might accept as adequate to support a conclusion." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).  Substantial evidence consists of "more than a mere scintilla but less than a preponderance." *Young v. Sullivan*, 911 F.2d 181, 183 (9th Cir. 1990).  The Court must consider the entire record, including evidence that both supports

3

and detracts from the ALJ's decision. *See Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). However, the ALJ's decision must be upheld if the evidence is susceptible to more than one rational interpretation. *Allen v. Secretary of Health and Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984). "Where medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citations and quotation omitted).

## II.    Disabled Adult Child Benefits

The primary purpose of social security schemes aimed at children is to provide support for dependents. *See Doran v. Schweiker*, 681 F.2d 605, 607 (9th Cir. 1982); *Jimenez v. Weinberger*, 417 U.S. 628, 634, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974). Under Title II of the Social Security Act, a disabled adult whose parent is entitled to Social Security retirement benefits may herself receive childhood disability benefits if, *inter alia*, she can demonstrate that at the time of filing for child's insurance benefits, she was unmarried, dependent on the wager-earner parent, and "is under a disability ... which began before [s]he attained the age of 22." 42 U.S.C. § 402(d); 20 C.F.R. § 404.350; Soc. Sec. Admin, Program Operation Manual System ("POMS DI") 10115.001.

For child disability benefits and social security disability insurance benefits generally, disability is defined as the "inability to engage in any substantive gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The claimant's impairment must be severe enough to render her unable to do her previous work and unable to "engage in any other kind of substantial gainful work which exists in the national economy," given the claimant's age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

Additionally, to establish entitlement to DAC benefits, "the claimant must be disabled continuously and without interruption beginning before her twenty-second birthday until the time she applied for child's disability insurance benefits." *Smolen v. Chater*, 80 F.3d 1273, 1280 (9th Cir. 1996) (emphasis in original). An intervening period of apparent non-disability may defeat a DAC claim. *See*

4

*Vicari v. Astrue*, C 09-5238 SI, 2012 WL 761686, at *4 (N.D. Cal. Mar. 8, 2012) (citing POMS DI 10115.001).

The ALJ appears to have reached his decision that plaintiff was not disabled for purposes of DAC benefits at step two of the five step sequential evaluation procedure for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4); AR 11-14.[1] This procedure dictates that the ALJ first consider whether the individual's work activity since turning age twenty-two, if any, constitutes "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(I); 20 C.F.R. § 404.1571. At the second step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments and whether the claimant has suffered from that impairment since before turning twenty-two, among other factors. 20 C.F.R. § 404.1520(a)(4)(ii), 20 C.F.R. § 404.1520a (relating to mental impairments). "The claimant carries the initial burden of proving a disability." *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). This means that in steps one and two of the five-step process, the burden of proof is on the claimant.[2] If, at any step, the ALJ determines that the claimant is "disabled" or "not disabled," the ALJ need not consider subsequent steps. *Id*.

Here, the ALJ found that plaintiff did not have a severe impairment or combination of impairments for purposes of DAC benefits because she failed to establish a continuous disability through the date of her DAC application, based on either her seizure disorder or her alleged learning disability. AR at 12-13; *see Smolen*, 80 F.3d at 1280 (to be eligible for DAC, a claimant must be continuously disabled and without interruption beginning before his or her twenty-second birthday until the time he or she applied for such benefits); *Vicari*, 2012 WL 761686, at *4 ("An intervening period of apparent non-disability may defeat a [DAC] claim."). Consequently, the ALJ found that, for purposes of DAC benefits, plaintiff was not disabled as a matter of law, and therefore was not entitled to DAC benefits. AR at 14.

---

[1] Since Steps Three through Five were not evaluated by or material to the ALJ's analysis, they are not further discussed here.

[2] For step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

5

## DISCUSSION

Plaintiff moves this Court to reverse the Commissioner's final decision and find that plaintiff is entitled to DAC benefits. Pl.'s MSJ at 11. Defendant counters that, *inter alia*, the ALJ appropriately found that plaintiff was not entitled to DAC benefits and moves for affirmation of the Commissioner's final decision Def.'s Cross-Mot. & Opp. at 10.

At step two, a claimant bears the burden of establishing that she had suffered from a severe medically determinable physical or mental impairment or combination of impairments since before turning twenty-two and continuing up through the date of her DAC application. *Ukolov*, 420 F.3d at 1004 (plaintiff bears the burden at step two); *Smolen*, 80 F.3d at 1280 (DAC benefits require continuous disability); *see also* 20 C.F.R. § 404.1520(a)(4)(ii), 20 C.F.R. § 404.1520a (relating to mental impairments). The claimant must prove the physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. *See* 20 C.F.R. §§ 404.1508, 416.908; *see also*; *Ukolov*, 420 F.3d at 1005. "[S]ymptoms are an individual's own perception or description of the impact of his or her physical or mental impairment(s)." *Ukolov*, 420 F.3d at 1005 (internal citations and quotation omitted). "Signs" are manifestations of "anatomical, physiological, or psychological abnormalit[ies] that can be shown by medically acceptable clinical diagnostic techniques." *Id*. "In claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step 2 of the sequential evaluation process." *Id*. (internal quotation omitted and citation omitted).

Plaintiff takes issue with the ALJ's determination that she did not have an impairment based on either her seizures or purported learning disability. Pl.'s MSJ at 8. However, the Court finds that the ALJ did not err in his determination because: (1) substantial evidence in the record shows that plaintiff was seizure free from age twenty-eight to age thirty-two, and therefore did not have a continuous seizure-based impairment through the date of her DAC application – which she filed at age forty; and (2) the ALJ properly found that plaintiff failed to provide any objective medical evidence showing that she suffered from a learning disability.

### I. Seizure Disorder

Plaintiff argues that the ALJ improperly found that she did not have an impairment based on her seizures because he improperly rejected Dr. Rack's opinion that plaintiff likely had a severe seizure condition prior to age twenty-two. Pl.'s MSJ at 8; Pl.'s Reply at 1. Furthermore, plaintiff appears to argue that because the ALJ improperly rejected Dr. Rack's opinion, he necessarily improperly concluded that plaintiff did not have a severe impairment prior to age twenty-two that continued through the date of her DAC application. Pl.'s Reply at 1, n.1. However, the Court finds that, irrespective of Dr. Rack's opinion, the ALJ did not err because the record contains substantial evidence showing that plaintiff was seizure-free from 1997 to 2001, and therefore did not have a continuous and severe impairment based on her seizures through the date of her DAC application. AR at 12, 266, 380.[3]

A "claimant must be disabled continuously and without interruption beginning before her twenty-second birthday until the time she applied for child's disability insurance benefits." *Smolen*, 80 F.3d at 1280; *see also Vicari*, C 09-5238 SI, 2012 WL 761686, at *4 (an intervening period of non-disability may defeat a DAC claim). Accordingly, here, plaintiff cannot establish entitlement to DAC benefits based on her seizures if substantial evidence in the record shows that plaintiff did in fact experience substantial improvement (*i.e.*, an intervening period of non-disability) from her seizures. *Id.* After considering the entire record, the Court finds that the record does contain substantial evidence showing that plaintiff substantially improved from her seizures from age twenty-eight to age thirty-two. AR at 37-46, 266, 380.

---

[3] The Court recognizes that the ALJ's statement, "the claimant failed to establish a period of disability by age 22," is vague and somewhat misleading when isolated from the ALJ's opinion as a whole. AR at 12. However, after having considered the ALJ's opinion in its entirety, the Court finds that the ALJ's statement does not appear to be a reflection of the his belief that plaintiff was not disabled due to her seizures as a matter of fact. Rather, it appears that the ALJ's statement was intended to mean that plaintiff was not disabled due to her seizures as a matter of law because she failed to file her DAC application prior to, or within twelve months of substantially improving from her seizures (*i.e.*, becoming seizure free from 1997 to 2001). AR at 12-14. The Court finds evidence in support of this latter meaning in the ALJ's discussion of Dr. Rack's testimony, which shows that the ALJ appears to have accepted Dr. Rack's opinion that plaintiff had a severe seizure impairment, rather than having rejected it as plaintiff contends. AR at 12.; Pl.'s MSJ at 8-9, Pl.'s Reply at 1-2. For example, the ALJ noted that based on Dr. Rack's testimony plaintiff "ostensibly" met the "medical criteria for disability" up until her 1997 brain surgery. AR at 12. This suggests that the ALJ did in fact evaluate and accept Dr. Rack's testimony that plaintiff was likely disabled prior to 1997. Therefore, the ALJ did not commit error with respect to Dr. Rack's testimony and appears to have made his ultimate determination of non-disability based on plaintiff's substantial improvement.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Here the record contains two statements by plaintiff's treating physician, Dr. Austin, that support the ALJ's finding that plaintiff substantially improved for the four years immediately following her 1997 brain surgery. AR at 13, 266, 380. Specifically, in a letter dated March 16, 2009, Dr. Austin wrote that "[i]n 1997, plaintiff underwent left temporal lobe epilepsy surgery and has become seizure free since then." AR at 380. Likewise, in a July 14, 2011 reply email to plaintiff's mother, Dr. Austin wrote that his "chart indicates that [plaintiff] was seizure free from 1997 to Sept 5 2001." AR at 266. Dr. Austin's statements constitute substantial evidence of plaintiff's seizure-free period because they reasonably and adequately support the conclusion that plaintiff was in fact seizure free from 1997 to 2001. *See Webb*, 433 F.3d at 686.

Accordingly, the Court finds no error in the ALJ's determination that plaintiff failed to establish a severe and continuous seizure impairment because substantial evidence in the record established that plaintiff did not have continuous seizures through the date of her DAC application. *See Ukolov*, 420 F.3d at 1004; *Smolen*, 80 F.3d at 1280; *Vicari*, 2012 WL 761686, at *4; *see also* 20 C.F.R. § 404.1520(a)(4)(ii), 20 C.F.R. § 404.1520a (relating to mental impairments); AR at 134-35. As such, the Court finds no error in the ALJ's denial of plaintiff's claim for DAC benefits to the extent her claim was based on her seizures.

## II.     Learning Disability

Plaintiff also argues that the ALJ erred in determining that she did not have a continuous and severe impairment based on her purported learning disability. Pl.'s MSJ at 9-11. Specifically, plaintiff argues that the ALJ improperly rejected the opinions of Dr. Austin and plaintiff's mother, which plaintiff contends establish that she had a severe and continuous impairment based on a learning disability. *Id.* However, the Court finds that the ALJ did not err because he provided clear and convincing reasons for rejecting Dr. Rack's opinion and germane reasons for discounting plaintiff's mother' testimony. The Court also finds that the ALJ did not err because plaintiff failed to provide any objective medical records showing that she had a learning disability. AR at 11-14, 26-31, 266, 379-80.

8

### A.     The ALJ Properly Rejected Dr. Austin's Opinion

Plaintiff argues that the ALJ erred by rejecting the opinion of plaintiff's treating physician, Dr. Austin, that plaintiff had a continuous learning disability. Pl.'s MSJ at 8-9. The Court finds that the ALJ did not err because the ALJ provided the following clear and convincing reasons supported by substantial evidence in the record for rejecting Dr. Austin's opinion: (1) Dr. Austin's opinion that plaintiff had a continuous learning disability was contradicted by his earlier opinion that plaintiff did not have a learning disability; and (2) substantial evidence in the record supported Dr. Austin's earlier opinion and contradicted his later opinion. AR at 13.

The ALJ may reject the uncontroverted opinion of a plaintiff's treating physician only for "clear and convincing reasons" supported by substantial evidence in the record. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 1996); *Mathews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). The Ninth Circuit has held that a treating physician's opinion may be rejected if it is contradicted by another opinion issued by the same physician. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (recognizing rejection of treating doctor's contradictory opinions as clear and convincing reason) (citing *Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989) (recognizing rejection of treating physician's opinion that was inconsistent with same treating physician's notes and other substantial evidence in the record as clear and convincing reason)).

Here, the ALJ noted two recognized "clear and convincing reasons" for rejecting Dr. Austin's opinion that plaintiff had a continuous learning disability. AR at 12-13. First, the ALJ noted that Dr. Austin gave contradictory opinions regarding plaintiff's alleged learning disability. AR at 13. Specifically, the ALJ noted a letter Dr. Austin wrote before plaintiff filed her DAC application, in which he stated that despite plaintiff's "mild memory problems" she "is a hard worker and capable of very good work" and that "[h]er disability is mainly in the area of verbal expressive speech. . . .[which] tends to create the deceptive impression of lower intelligence." AR at 13, 380. The ALJ then noted a subsequent and contradictory post-application letter in which Dr. Austin stated that due to her "neurological disability . . . [plaintiff] has been continuously disabled" and that "her learning and communication disabilities and slowness of functioning have continued to disable her for working." AR at 13, 379. Finally, the ALJ noted another post-application reply email from Dr. Austin to plaintiff's

1  mother in which he again contradicted his pre-application opinion by reiterating that the "basis" of
2  plaintiff's disability was "neuropsychological (speech and learning issues) more than due to
3  uncontrolled seizures." AR at 13, 266. Thus, the ALJ's decision shows that he rejected Dr. Austin's
4  post-application opinion that plaintiff was learning disabled for the clear and convincing reason that it
5  was contradicted by Dr. Austin's pre-application opinion that plaintiff was not learning disabled. *See*
6  *Bayliss*, 427 F.3d at 1216; *Weetman*, 877 F.2d at 23.

7  Second, the ALJ noted that Dr. Austin's post-application opinion – that plaintiff had a
8  continuous learning disability – was not supported by any other objective medical evidence in the
9  record, but that evidence in the record did support Dr. Austin's earlier opinion that plaintiff was not
10 learning disabled. AR. at 13. Specifically, the ALJ correctly noted that plaintiff's medical records
11 contained a reference to a psychological report that indicated she was of average intelligence, and also
12 that plaintiff's medical records indicated that she had graduated from high school and even studied
13 computer science at a community college. AR. at 13, 321-22. The ALJ also correctly noted that
14 plaintiff failed to provide any medical records regarding plaintiff's cognitive functioning for the four
15 year period following her brain surgery but that there was testimony that plaintiff was able to obtain
16 work during that time. AR. at 13, 39, 43-44. Thus, the ALJ's decision and the record show that the ALJ
17 rejected Dr. Austin's later opinion that plaintiff was learning disabled for the clear and convincing
18 reason that substantial evidence in the record contradicted his later opinion while supporting his earlier
19 opinion that plaintiff was not learning disabled. AR. at 13, 266, 321-22, 379-80; *see Weetman*, 877 F.2d
20 at 23; *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) ("Substantial evidence is such
21 relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").

22  Accordingly, the Court finds that the ALJ did not err in rejecting Dr. Austin's opinion because
23 he provided established clear and convincing reasons supported by substantial evidence in the record
24 for doing so. *See Bayliss*, 427 F.3d at 1216; *Weetman*, 877 F.2d at 23.

26  **B.    The ALJ Properly Rejected Plaintiff's Mother's Testimony**
27  Plaintiff argues that the ALJ erred by failing to provide specific reasons for rejecting plaintiff's
28 mother's testimony regarding plaintiff's alleged learning disability. Pl.'s MSJ at 11. The Court finds

10

that the ALJ did not err because the ALJ gave germane reasons for discounting plaintiff's mother's testimony.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e)). To discount lay witness testimony, the ALJ must give reasons germane to each witness. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Stout*, 454 F.3d at 1053; *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). "[W]here the ALJ rejects a witness's testimony without providing germane reasons, but has already provided germane reasons for rejecting similar testimony, [the Court] cannot reverse . . . merely because the ALJ did not clearly link his determination to those reasons." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (citation and quotation omitted). Lay witness testimony "is not the equivalent of medically acceptable . . . diagnostic techniques that are ordinarily relied upon to establish a disability," and may be rejected without comment when it is contradicted by other medical evidence in the record. *See Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (internal citations and quotation omitted); *see also Lewis*, 236 F.3d at 511 ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.") (citing *Vincent*, 739 F.2d at 1395).

Here, the ALJ gave germane reasons for rejecting plaintiff's mother's testimony regarding plaintiff's alleged learning disability by noting that said testimony was contradicted by other medical evidence in the record. AR at 12-13. Specifically, the ALJ noted the following two examples of contradictory evidence: (1) that plaintiff's medical records indicated that she was "of average intelligence"; and (2) Dr. Austin's pre-application opinion that plaintiff was capable of doing "very good work," was not "of lower intelligence," and that her disability was "mainly in the area of verbal expressive speech." AR at 12, 380. These are germane reasons for rejecting plaintiff's mother's testimony regarding plaintiff's alleged learning disability because they are examples of contradictory medical evidence in the record. *See Vincent*, 739 F.2d at 1395; *Lewis*, 236 F.3d at 511; *Molina*, 674 F.3d at 1121.

Thus, the Court finds that the ALJ did not err in rejecting plaintiff's mother's testimony

11

regarding plaintiff's alleged learning disability because the ALJ provided germane reasons for doing so.[4]

### C. Plaintiff Provided No Objective Medical Evidence of a Learning Disability

After reviewing the entire record, the Court finds that record does not contain any objective medical evidence showing that plaintiff had a learning disability. This includes Dr. Austin's letters, which are not only contradictory, as noted earlier, but also do not include any specific medical diagnosis of a learning disability and therefore cannot establish the existence of an impairment even if the ALJ had not rejected them as contradictory. *See Ukolov*, 420 F.3d at 1006 (a medical opinion offered in support of an impairment must include symptoms and a diagnosis); *see also* SSR 96–6p, 1996 WL 374180, at *1 (July 2, 1996). Accordingly, the Court finds that plaintiff also failed to establish a severe impairment based on her purported learning disability because she failed to provide any independent objective medical evidence of a learning disability. *Id.*

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion for summary judgement, and GRANTS defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: September 16, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff also argues that the ALJ erred by discounting plaintiff's testimony regarding her "cognitive deficiencies." Pl.'s MSJ at 9. The Court finds that the ALJ did not err because the record shows that plaintiff did not testify regarding her alleged "cognitive deficiencies." AR at 34-36, 51-52.